SECURITIES AND EXCHANGE COMMISSION

v.

The AMERICAN FOUNDATION FOR ADVANCED EDUCATION OF ARKANSAS, The Arkansas Enterprises, Inc. and Haca Investments, Inc., Huie H. Smith, Robert T. Shaw.

Civ. A. No. 9734.

United States District Court W. D. Louisiana, Shreveport Division.

Oct. 11, 1963.

O. H. Allred, Norman M. Reed and Buddy M. Dicken, Securities & Exchange Commission, Fort Worth, Tex., for plaintiff.

Marshall N. Carlisle, Little Rock, Ark., for defendants.

PUTNAM, District Judge.

This suit is brought by the Securities and Exchange Commission against the defendants for injunctive relief to prevent alleged practices carried out by these defendants in violation of § 5(a)(1) and 5(c) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77e(a)(1) and 77e(c). Authority for the suit is found in § 20(b) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77t(b), and § 21(e) of the Securities Exchange Act of 1934, as amended, 15 U.S.C.A. § 78u(e). We have jurisdiction by virtue of § 22(a) of the Act of 1933 as amended and § 27 of the Act of 1934 as amended, being 15 U.S.C.A. § 77v(a) and 15 U.S.C.A. § 78aa, respectively.

On trial of the motion for preliminary injunction the Court found in favor of plaintiff. On the basis of the evidence adduced at the hearing, we make the following findings of fact:

1. Defendant, American Foundation for Advanced Education of Arkansas, is a nonprofit corporation incorporated under the laws of the State of Arkansas and having its principal place of business at 4531 Ark-Mo Highway, North Little Rock.

2. Defendant, The Arkansas Enterprises, Inc. is a corporation organized under the law of Arkansas having its principal place of business at 1807 Main Street, North Little Rock. Defendant, HACA Investment, Inc. is a Louisiana Corporation having its principal place of business at 3875 Florida Boulevard, Baton Rouge, Louisiana, and a branch office at 554 Kings Highway, Shreveport.

3. Huie H. Smith is president of defendant, American Foundation for Advanced Education of Arkansas and defendant Robert T. Shaw is president of The Arkansas Enterprises, Inc. Both of these parties are residents of North Little Rock.

4. These defendants have been and were at the time of filing of this suit offering for sale and selling certain "debentures" and memberships in the American Foundation for Advanced Education of Arkansas. We will hereafter refer to this corporation as The Foundation. The "debentures" have been sold to various citizens of the State of Louisiana through the employees and agents of defendant, HACA.

5. HACA is not now registered as a broker in accordance with § 15(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78o(b).

6. There is no registration statement on file with the Securities and Exchange Commission and the debentures are not registered as the law requires.

7. Sales are effected by HACA's representatives who call on prospective purchasers and offer them membership in The Foundation upon payment of dues in the sum of $1.00 or more, such membership entitling the member to purchase up to a total of ten debenture bonds. The "debenture bond" in question is a contract whereby the member invests $1000.00 in the Foundation and in return has the privilege of naming a beneficiary, who must be a child whose education has not progressed beyond the middle of the sixth grade of elementary school. The Foundation agrees that upon the entry of the beneficiary into college

after completion of high school studies it will pay the cost of board, room, tuition and other college fees for this person for a period of not less than four years provided satisfactory grades are maintained by the student while attending school. Maximum benefits accruing to the beneficiary are limited to $1500.00 per year, or a $6000.00 total.

8. Success of The Foundation's plan is predicated upon a system purportedly devised by a professor Hoffer, a resident of Buffalo, New York. According to the testimony of Dr. Huie Smith, president of The Foundation, actuarial formulas (based upon educational dropouts, death, and other factors which will eliminate a fixed percentage of beneficiaries prior to reaching the college level and even thereafter), reflect that the revenues derived from re-investment of the original purchase price of these debentures by The Foundation will be sufficient to make the plan feasible. This testimony was objected to by the complainant, and the Court does not at this time make any final determination of feasibility of this so-called investment plan.

9. Twenty per cent of all monies collected by The Foundation and its associates in this venture for purchase of the debentures is paid by The Foundation to Hoffer, through a New York Foundation similar to the Arkansas organization, which is at this time inactive; to Arkansas Enterprises, Inc.; and to administrative cost of The Foundation. The lion's share of this twenty per cent, 17.25%, goes to Arkansas Enterprises, Inc. The payment made to Arkansas Enterprises comes "off the top" of the monies received, being 80% of the first $110.00 over and above membership dues paid into the coffers of The Foundation.

10. Affidavits filed by complainant attached to the petition and which are uncontradicted show that in every sale mentioned the purchaser of the debenture is a parent of the named beneficiary. The $1000.00 purchase price is paid by the month, payments shown in this record running from $10.00 per month to $20.00 per month, which payments continue until the total amount is paid in. Interest at the rate of 6% per annum is charged on the unpaid balance. After the purchase is completed in the event the beneficiary does not attend college and if the debenture is held for a period in excess of ten years, the entire $1000.00 will be refunded to the purchaser. There is a decreasing sliding scale of cash surrender or loan value for fully paid debentures surrendered before the expiration of the ten-year period.

11. In effecting sales of memberships and debentures in The Foundation, all defendants have used the mails and other means of transportation and communication in interstate commerce.

## CONCLUSIONS

1. The design of the Securities Acts and their purpose requiring registration of all securities in the absence of statutory exemption is to protect investors by promoting and requiring a full disclosure of information thought to be necessary to persons desiring to make informed investment decisions. Securities and Exchange Commissions v. Ralston Purina Co., 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494 (1953).

2. Defendants maintained that the debentures offered for sale in this case come within the exemption provided in § 3(a) (4) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77c(a) (4) [1] in that The Foundation is a corporation organized and operated exclusively for educational purposes and not for pecuniary profit. It is well established that any person who asserts the claim of an exemption from the Securities

1. The cited provision reads: "Except as hereinafter expressly provided, the provisions of this subchapter shall not apply to any of the following classes of securities: (4) Any security issued by a person organized and operated exclusively for  *  *  *  educational  *  *  *  purposes and not for pecuniary profit, and no part of the net earnings of which inures to the benefit of any person, private stockholder, or individual  *  *  *."

Act has the burden of proving its availability. S. E. C. v. Ralston Purina Co., supra; S. E. C. v. Sunbeam Gold Mining Co., 95 F.2d 699 (9 Cir., 1938); Gilligan, Will & Co., v. S. E. C., 267 F.2d 461 (2 Cir., 1959); S. E. C. v. Culpepper, 270 F.2d 241 (2 Cir., 1959).

■ 3. The existence of a single non-educational purpose will destroy the exemption provided for in the Act if it is of a substantial nature. Better Business Bureau of Washington v. United States, 326 U.S. 279, 66 S.Ct. 112, 90 L. Ed. 67 (1945) decided under the identical wording of § 811(b) (8) of the Social Security Act, 42 U.S.C.A. § 1011(b) (8).

Similar provisions found in the Internal Revenue Code have received like construction. General Contractors Ass'n v. United States, 202 F.2d 633 (7 Cir., 1953), Scholarship Endowment Foundation v. Nicholas, 106 F.2d 552 (10 Cir., 1939). In the latter case the Court said:

> "It is plain that the foundation must meet two requirements in order to come within the ambit of the statute and be entitled to exemption under its provisions. It must be a corporation organized and operated exclusively for educational purposes, *and none of its net earnings shall inure to the benefit of any private individual.*" (Emphasis Supplied.) 106 F.2d 552, 553.)

It is clear that the debenture bonds offered for sale and sold in this case are not within the claimed exemption.

■ 4. Even conceding that The Foundation is a nonprofit organization under the laws of Arkansas, by establishing a membership requirement as a prerequisite to the privilege of purchasing debentures with their attendant benefits, the profits of The Foundation are returned to its members. Consequently, it does not operate exclusively for education purposes.

5. This element of profit to the individual member is the principal motivation for the purchase of debentures. In this instance we conclude that the universal desire of parents to secure the advantages of higher education for their children and to offset whenever possible the increasing cost of such education, makes the application of the registration requirements of the Securities Act emphatically necessary here. While there is no showing of fraud or misrepresentation of any kind and it may well be that the founders of The Foundation are themselves actuated by a sincere desire to aid their fellowman and to foster the education of the youth of this nation, the opportunities for wrongdoing with such a broad and fertile field of prospective investors are unlimited.

6. While the plan developed by The Foundation may ultimately prove to be entirely feasible, the objects and purposes of the Securities Acts to protect the investing public require compliance with their terms by these defendants.

Formal decree granting the preliminary injunction is signed this 9th day of October, 1963; filing of these written reasons to follow.